954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Susan OCHS, Plaintiff-Appellant,
v.
DISABILITY INCOME PLAN OF MOBIL OIL CORPORATION, et al;
Metropolitan Life Insurance Company, Defendants-Appellees.
 No. 91-55121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1992.*
Decided Feb. 13, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Susan Ochs appeals the district court's grant of summary judgment to Mobil Oil Corporation. The district court ruled that Mobil's decision to deny long term disability benefits to Ochs was not arbitrary or capricious. Ochs' appeal alleges that the court erroneously used a deferential standard of review; that even under a deferential standard of review, she was entitled to disability benefits; and that the trustees breached their fiduciary duty in their administration of the program. We affirm.
 
 I.
 
 3
 Ochs alleges that a deferential standard of review was erroneously applied by the district court because Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), provides that a denial of benefits is to be reviewed de novo unless the the benefit plan at issue provides the plan fiduciaries with discretionary authority to determine eligibility for benefits or construe the terms of the plan. Ochs alleges that the authority exercised was only mandatory duties imposed upon the plan because it is subject to ERISA. Ochs states that her position is strengthened by the fact that the plan does not allow for the fiduciaries to construe or interpret its terms, which she concedes would be an act of discretionary authority not subject to de novo review.
 
 
 4
 The contentions urged by Ochs are controlled by Madden v. ITT Long Term Disability Plan, 914 F.2d 1279 (9th Cir.1990), cert. denied, 111 S.Ct. 964 (1991). In Madden, the plan provided that the administrator had both the authority to construe and interpret the plan and the authority to determine eligibility for benefits. Id. at 1284. Although not factually evident in Madden, we stated that a plan which grants authority to determine questions of eligibility and coverage is sufficient to demonstrate discretionary authority. Id. at 1283; accord, Bogue v. Ampex Corp., 750 F.Supp. 424, 428 (N.D.Cal.1990).
 
 
 5
 Discretionary authority is evident here because determination of eligibility necessarily involves application of the long term disability eligibility requirements to the claim involved. Id. Under the Mobil plan, the Claims Administrator is given authority to determine eligibility for benefits and the amounts thereof. Art. X, Section 4(b). Mobil is required to provide for full and fair review of claims denied by the Claims Administrator. Id. All decisions by Mobil in respect of a claim are final and binding upon the participants, the Claims Administrator and all other parties claiming interest in the Long Term Disability Plan. Id. at Section 5(d). Mobil also has the power to make and enforce rules and regulations as it deems proper for the administration of the plan.[1] Id. at Section 4(b).
 
 
 6
 Once discretionary authority is established, the fiduciary's interpretation of the plan will be upheld unless "arbitrary, capricious, made in bad faith, not supported by substantial evidence, or erroneous on a question of law." Orozco v. United Air Lines, Inc., 887 F.2d 949, 952 (9th Cir.1989).
 
 II.
 
 7
 Ochs alleges that even under a deferential standard of review, she is entitled to benefits because (1) the description of total disability given to participants in the summary plan was misleading; (2) a misleading definition of total disability was provided to Ochs' doctor; and (3) neither a full review nor a detailed reason was provided for denial of her claim.
 
 A. Summary Plan Description
 
 8
 In the summary plan description, it does state that participants may qualify for benefits under the plan even though they did not qualify for Social Security disability benefits. However, in context, this statement refers to eligibility for both short term and long term disability. Regardless, the issue is whether there is substantial evidence to support the decision of Mobil that Ochs was not eligible for long term disability benefits. We agree with the district court that there is substantial evidence supporting the conclusion that Ochs did not meet the plan definition of one who is totally disabled.[2]
 
 B. Misleading Ochs' Doctor
 
 9
 Ochs' doctor, Dr. Koch, was asked to advise plan fiducaries whether Ochs was totally disabled. He was provided a form which did not fully set forth the definition of total disability. However, this was not the only medical or vocational evidence used to determine Ochs' eligibility. The pertinent definition for total disability, along with Ochs' entire medical file was provided to IRP Medical Rehabilitation Group, to give a vocational assessment of Ochs. They concluded that Ochs was not totally disabled according to the plan's definition. Other doctors also agreed that Ochs was not totally disabled. There was substantial evidence supporting Mobil's determination that Ochs did not meet the plan's eligibility requirements for total disability.[3]
 
 
 10
 C. Failing to Provide Full Review or Providing a Reason for Denial
 
 
 11
 The record is quite detailed that Ochs' claim was adequately investigated by the Claims Administrator and received a full review by Mobil on more than one occasion. Ochs was adequately apprised at all levels of the process of the reasons for her claim denial. This allegation is without merit.
 
 III.
 
 12
 Ochs finally alleges a breach of fiduciary duty by the plan administrators in failing to construe the terms of the plan in the best interests of its beneficiaries. In essence, Ochs continues to contend that the application of the definition of total disability was improper. Under ERISA, where provisions are susceptible to more than one interpretation, we may not substitute our judgment for that of the plan fiduciaries, absent that interpretation being applied in a manner that is arbitrary and capricious or in bad faith. Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1308 (9th Cir.1986). There has been no evidence presented that the long term eligibility requirements are being applied in such a manner.
 
 IV.
 
 13
 We uphold the district court's grant of summary judgment. AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mobil also contends that the plan provision which provides that "[a]ny interpretation of the Program by Counsel for [Mobil] shall be conclusive as between an employer-corporation and its employees and former employees and may be relied upon by all parties in interest" also gives it the authority to construe the meaning of any ambiguous terms. Article X, Section 6. Based upon our conclusion, we need not determine the scope of this provision
 
 
 [2]
 In Madden and here, total disability is defined as unable to engage "in any and every gainful occupation for which [she] is reasonably fitted by education, training or experience." Article V, Section 1(b)(2); Madden, 914 F.2d at 1285
 
 
 [3]
 Information considered also included the report of Ochs' employment rehabilitation specialist who indicated that she was not employable